UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE RIVAS-GASTELUM,

    Plaintiff,

v.     Case No. 8:09-CV-1014-T-30EAJ

SIX UNKNOWN AGENTS, et al.,

    Defendants.
_____/

## ORDER OF DISMISSAL

Plaintiff is a prisoner confined at Cibola County Correctional Center, Milan, New Mexico. He initiated this action by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1).

**I.     Legal Standard**

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears, No. 96 Civ. 1624 (PKL)*, 1996 U.S. Dist. LEXIS 7327, 1996 WL 284948 (S.D.N.Y. May 29, 1996). However, the Court must read the plaintiff's pro se allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

## II. Analysis

### A. The Failure to State a Cause of Action Under Section 1983

Plaintiff's allegations are essentially impossible to decipher. 42 U.S.C. § 1983 requires a showing that the plaintiff has been deprived of a right or privilege secured by the Constitution or laws of the United States and that such deprivation was achieved under color of state law. *See, Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149 (1978). Here, Plaintiff has failed to allege any factual matters demonstrating that his rights under the Constitution, laws, or treaties of the United States have been violated. Therefore, he has not shown that this is a proper matter to be brought under section 1983. Moreover, Plaintiff's allegations are too vague and unclear to state a cause of action under section 1983. Accordingly, this case must be dismissed for failure to state a cause of action under section 1983.

### B. Subject Matter Jurisdiction

Plaintiff's Complaint is unclear as to what legal causes of action Plaintiff makes against Defendants. The action may not proceed in federal court absent subject matter jurisdiction. The Complaint fails to state any discernable cause of action or any basis for federal jurisdiction.

## C. Challenge to Fact of Confinement not Cognizable Under 42 U.S.C. § 1983

To the extent that Plaintiff seeks immediate release from incarceration or otherwise challenges the fact of his confinement, his claim is not cognizable in a § 1983 action. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

## D. Venue

Under 28 U.S.C. § 1406, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). 28 U.S.C. § 1391(e) states:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

Plaintiff appears to reside in New Mexico, and his Complaint fails to allege any facts demonstrating that any of the defendants reside, or that any of the events giving rise to his claims occurred, within this district. Accordingly, his Complaint is subject to dismissal for improper venue.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's Complaint is **DISMISSED**, without prejudice, for failure to state a claim for which relief may be granted (Dkt. 1).

2. The Clerk of the Court shall terminate any pending motion and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 16, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro Se* Plaintiff